IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELDRIDGE KEEN II MASSINGTON,<br><br>*Plaintiff*,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION, LLC, and PROCOLLECT, INC.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:26-cv-03450-D |

**DEFENDANT PROCOLLECT, INC.'S ORIGINAL ANSWER**

ProCollect, Inc. ("Defendant" or "ProCollect") files this answer to respond to Plaintiff's *Complaint* (the "Complaint") by Plaintiff Eldridge Keen II Massington ("Plaintiff" or "Massington") and would show the Court as follows:

## A. <u>ADMISSIONS & DENIALS</u>

Pursuant to Rule 8(b), Defendant makes the following admissions, denials and other responses to Plaintiff's averments, by corresponding paragraph number used in the Complaint:

## <u>INTRODUCTION</u>

1. Defendant does not contest that Plaintiff filed suit against Defendants pursuant to the FCRA as alleged in Paragraph 1, but Defendant denies all liability and denies that Plaintiff is entitled to any relief as a result of any actions or omissions of Defendant.

2. Defendant does not contest that Plaintiff filed suit against Defendants pursuant to the FDCPA as alleged in Paragraph 2, but Defendant denies all liability and denies that Plaintiff is entitled to any relief as a result of any actions or omissions of Defendant.

## PARTIES

3. Defendant does not contest the legal contention that Plaintiff is a consumer with respect to the FCRA but lacks sufficient information to know the truth regarding Plaintiff's residence.

4. As this is an averment against Equifax Information Services, LLC ("Equifax"), Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 4.

5. As this is an averment against Experian Information Solutions, Inc. ("Experian"), Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 5.

6. As this is an averment against Trans Union, LLC ("TU"), Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 6.

7. Defendant admits the allegations in Paragraph 7.

## JURISDICTION AND VENUE

8. Defendant does not contest jurisdiction as alleged in Paragraph 8, other than to contest standing should Plaintiff fail to show any concrete damages caused by Defendant.

9. Defendant does not contest venue as alleged in Paragraph 9.

## FACTS

10. Defendant admits the allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant admits the allegations in Paragraph 12.

13. Defendant admits that the eviction court records speak for themselves, and to the extent Paragraph 13 alleges otherwise, Defendant denies such allegations.

14. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 14, specifically whether the County Court ever had jurisdiction or whether the appeal was perfected.

15. Defendant admits that the eviction court records speak for themselves, and to the extent Paragraph 15 alleges otherwise, Defendant denies such allegations.

16. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 16.

17. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 17.

18. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 18.

19. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 19.

20. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 20.

**Plaintiff Receives a Collection Letter from ProCollect**

21. Defendant denies the allegations in Paragraph 21 but admits providing Plaintiff with validation of the subject debt in March 2026.

22. Defendant admits that the validation letter speaks for itself, and to the extent Paragraph 22 alleges otherwise, Defendant denies such allegations.

23. Defendant admits that the validation letter speaks for itself, and to the extent Paragraph 23 alleges otherwise, Defendant denies such allegations.

24. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 24.

25. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 25.

26. Defendant admits the allegations in Paragraph 26.

27. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 27.

**CRA Defendants Report that Plaintiff Owes an Outstanding Balance on the ProCollect Collection Account**

28. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 28.

29. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 29.

30. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

**Plaintiff's Dispute to the Credit Bureau Defendants Regarding the Inaccurate Credit Reporting**

35. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 35.

36. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 36.

37. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 37.

38. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 38.

39. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 39.

40. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 40.

41. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 41.

**Defendants' Unreasonable Reinvestigations**

42. As this is an averment against Equifax, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 42.

43. As this is an averment against Equifax, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 43

44. As this is an averment against Equifax, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 44.

45. As this is an averment against Equifax, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 45.

46. As this is an averment against Equifax, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 46.

47. As this is an averment against Experian, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 47.

48. As this is an averment against TU, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 48.

49. As this is an averment against TU, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 49.

50. As this is an averment against TU, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 50.

51. As this is an averment against TU, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 51.

52. As this is an averment against TU, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 52.

53. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 53.

54. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 54.

55. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 55.

56. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 56.

57. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Paragraph 59 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 59 does contain any factual statements, Defendant denies same.

**ProCollect's Unreasonable Investigation**

60. Defendant admits the allegations in Paragraph 60.

61. Paragraph 61 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 61 does contain any factual statements, Defendant denies same.

62. Defendant admits investigating ACDVs in July 2026 but denies any remaining allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant admits that after a reasonable investigation, it verified the subject account in response to ACDVs but denies any remaining allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 67 but denies any inaccurate reporting and denies that the two accounts are linked as suggested.

68. Defendant admits that it acts through its employees, but without more specificity in the averment, denies the remaining allegations regarding Defendant in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Paragraph 70 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 70 does contain

any factual statements, Defendant denies same.

71. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 71.

72. Defendant denies that its conduct caused any damages alleged in Paragraph 72.

73. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 73.

**CLAIMS FOR RELIEF**
**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(Against CRA Defendants)**

74. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

75. Paragraph 75 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 75 does contain any factual statements, Defendant denies same.

76. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 76.

77. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 77.

78. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 78.

79. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 79.

80. As this is an averment against the CRAs, Defendant lacks sufficient information

to know the truth about the allegations contained in Paragraph 80.

81. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 81.

**COUNT II**
**15 U.S.C. § 1681i**
**Failure to Perform a Reasonable Reinvestigation**
**(Against CRA Defendants)**

82. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

83. Paragraph 83 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 83 does contain any factual statements, Defendant denies same.

84. Paragraph 84 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 84 does contain any factual statements, Defendant denies same.

85. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 85.

86. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 86.

87. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 87.

88. As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 88.

**COUNT III**
**15 U.S.C. § 1681s-2(b)**
**Failure to Conduct an Investigation of the Disputed Information and Review all Relevant Information Provided by the Consumer**
**(Against ProCollect)**

89. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

90. Defendant denies the allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91.

92. Defendant denies the allegations in Paragraph 92.

93. Defendant denies that Plaintiff is entitled to any relief from Defendant including but not limited to damages, costs or attorneys' fees as sought in Paragraph 93.

94. Defendant denies that Plaintiff is entitled to any damages, costs or attorneys' fees as sought in Paragraph 94.

**COUNT IV**
**Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.***
**(Against ProCollect)**

95. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

96. Defendant admits the allegations in Paragraph 96.

97. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 97, other than to admit that the debt arises from an apartment lease.

98. Defendant denies the allegations in Paragraph 98.

99. Defendant denies that Plaintiff is entitled to any relief from Defendant including but not limited to damages, costs or attorneys' fees as sought in Paragraph 99.

## PRAYER FOR RELIEF

In the unnumbered paragraph following Paragraph 99, Defendant denies that Plaintiff is entitled to any requests for relief as provided in the Prayer for relief.

## DEMAND FOR TRIAL JURY

The demand for jury trial is without any factual averment(s) to admit or deny.

**Defendant denies all factual averments that have not been specifically admitted in Paragraphs 1 through 99 above.**

## B. AFFIRMATIVE DEFENSES

As Plaintiff fails to state a claim for which relief can be granted on one or more of Plaintiff's claims, Defendant reserves the right to file a motion to dismiss or motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(b)(1), (6) and/or 12(c). In addition, Defendant reserves the right to seek to amend or supplement its affirmative defenses to include any defenses of which it is not presently aware, as discovery and further investigation are needed.

AD1. Lack of Standing. Plaintiff's claims against Defendant are barred in whole or in part, by the fact Plaintiff has no actual or concrete damages (a) resulting from any unlawful conduct by Defendant, or (b) resulting from a technical or procedural violation of the FDCPA; and thus no standing. *See e.g., Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021).

AD2. Lack of Causation. Plaintiff's claims against Defendant are barred in whole or in part by the fact Plaintiff fails to allege or establish any "but for" causation. *See e.g., Ward v. Nat'l Credit Sys.*, No. 25-1078, 2026 U.S. App. LEXIS 21295, at *10-12 (10th Cir. 2026) (Because a furnisher only incurs such an obligation when the disputed information is in fact inaccurate or incomplete, the consumer must prove inaccuracy (or incompleteness) as a

necessary predicate to establishing actual but-for causation, which is another statutory requirement of a negligence claim under the FCRA. For example, if the information the furnisher reported was in fact *accurate*, then whether the furnisher conducted a reasonable investigation would be irrelevant: no matter how unreasonable it was, the allegedly deficient investigation could not have caused the consumer's claimed injury because the FCRA does not require a furnisher to alter accurate information. Thus, as a prerequisite to proving actual causation, a consumer must establish that the disputed information was in fact inaccurate or incomplete."), *see also Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018) ("Regardless of the nature of the investigation a furnisher conducted, a plaintiff asserting a claim against a furnisher for failure to conduct a reasonable investigation cannot prevail on the claim without demonstrating that *had* the furnisher conducted a reasonable investigation, the result would have been different; *i.e.*, that the furnisher would have discovered that the information it reported was inaccurate or incomplete, triggering the furnisher's obligation to correct the information."). Plaintiff cannot establish facts that the furnisher could have uncovered establishing that the reported information was, in fact, inaccurate. In addition, only a direct action against the Original Creditor could determine whether the debt was, in fact, inaccurate.

AD3. <u>Dispute does not allege or establish an Actionable Inaccuracy</u>. Plaintiff's claims against Defendant are barred because Plaintiff fails to identify or allege any actionable inaccuracy. Plaintiff's only support for alleging an inaccuracy in his own conclusions and assumptions along with a Final Account Statement from a different lease – both different unit and different tenants. For those and other reasons, the alleged inaccuracy (a) is not objectively and readily verifiable, (b) involves a factual and legal dispute requiring complex fact gathering, credibility determinations, quasi-discovery, resolution of alleged tortious conduct, and/or lacks a

straightforward answer, or (c) attacks the validity of the debt, asserts an affirmative defense, or presents a legal question without a straightforward application of law to facts.

AD4. Improper Collateral Attack. Plaintiff's claims against Defendant are barred, or Defendant is not liable for Plaintiff's claims because Plaintiff (a) improperly asserts a collateral attack regarding the validity of the subject debt, and/or (b) asserts defenses to or inaccuracies regarding the subject debt that are not objectively and readily verifiable including, but not limited to, the fact that such alleged inaccuracies contradict the information, documents, and/or verification of the subject debt from the Original Creditor. Plaintiff's claims are barred in whole or in part because Plaintiff alleges a dispute that could only be resolved by a direct attack against the Original Creditor regarding the validity of the debt, not a collateral attack requiring Defendant to act as a tribunal. Only a trier of fact could establish Plaintiff's defenses to liability. Such direct action is a pre-requisite to any relief sought in this action.

AD5. Debt is Accurate / Reasonable Reliance on Original Creditor. Plaintiff's claims (as well as any alleged damages) against Defendant are barred by failure to establish liability or causation because (a) the subject debt is accurate, (b) the Original Creditor's documents verify the debt as accurate, (c) the Original Creditor verified the subject debt as accurate, and/or (d) Defendant is entitled to reasonably rely on the information provided by the Original Creditor.

AD6. Reasonable Investigation. Even if Plaintiff's dispute alleged an actionable inaccuracy, Defendant performed a reasonable investigation. At all relevant times, Defendant maintained and followed reasonable procedures to avoid violations of the FCRA and perform a reasonable investigation of disputes pursuant to FCRA § 1681s-2(b), including a review of (a) all information, documents, and dispute code provided by the CRAs, (b) all information and documents provided by the Plaintiff, (c) all information and documents in Defendant's file,

including communications with Plaintiff, if any, (d) all information and documents provided by the Original Creditor, and (e) the Original Creditor's verification of the subject debt.

AD7. Breach of Lease. Plaintiff's claims are barred in whole or in part by Plaintiff's breach of the applicable lease agreement; and failure to mitigate any damages as a result of same.

AD8. Comparative Negligence / Unclean Hands / Failure to Supply Sufficient Documentation / Failure to Mitigate. Plaintiff's claims are barred in whole or in part by Plaintiff's (and/or Plaintiff's attorney's or other agent) failure to provide Defendant with objectively and readily verifiable proof to support the alleged inaccuracy. Specifically, Plaintiff should not be permitted to lie behind the log hoping to exploit an FCRA claim capable of being resolved by providing full and complete support for the basis of the alleged inaccuracy. Specifically here, Plaintiff would be required to obtain records connecting the two accounts or showing payment or resolution of the account for Unit 2905.

AD9. Intervening / Supervening Cause. Plaintiff's claims are barred in whole or in part by the actions of third parties or intervening and superseding actions of others, including the Original Creditor.

AD10. Defendant's Mitigation. Plaintiff's claims against, and damages sought from, Defendant are barred in whole or in part, by the fact that the information furnished by Defendant included the e-OSCAR "XB" Compliance Condition Code that prevents the account from negatively or positively affecting Plaintiff's credit score as a disputed account.

AD11. Offset / Set-Off. Plaintiff's claims are barred in whole or in part by offset and/or set-off in the amount of the alleged subject debt.

AD12. Materiality. Plaintiff's claims against Defendant are barred in whole or in part, by the fact that the information reported is accurate, and/or any alleged inaccuracy is not material

and would have an immaterial effect on Plaintiff's credit or credit score. As a result, Plaintiff has no actual damages that were caused by Defendant's conduct, and thus Plaintiff's claims fail and/or Plaintiff has no standing.

AD13. Bona Fide Error. Even if Plaintiff proves the allegations in the Complaint, Defendant is not liable to Plaintiff because the FDCPA exculpates collectors who make mistakes notwithstanding the use of reasonable procedures adopted to prevent making them. Defendant has policies and procedures to prevent or avoid the claims asserted by Plaintiff. Any actions or omissions resulting in violations were not intentional and resulted from a bona fide mistake, notwithstanding the use of such reasonable procedures Defendant has adopted to avoid such actions or omissions. *See* 15 U.S.C. § 1692k(c).

AD14. Claim for Attorneys' Fees. As Plaintiff's claims are brought in bad faith or for harassment, or to multiply the proceedings, Defendant seeks attorney's fees against Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) and/or 28 U.S.C. 1927.

AD15. Incorporation of all Rule 8(c) Defenses. As a separate alternative affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses, not specifically set out herein, cannot be determined until Defendant has had an opportunity to complete discovery. Therefore, Defendant incorporates all said affirmative defenses as if fully set forth herein.

AD16. Reservation of Rights to Assert Additional Defenses. Defendant reserves the right to amend or supplement its affirmative defenses to include any defenses of which it is not presently aware.

PRAYER

Defendant requests a judgment that Plaintiff takes nothing on his claims against Defendant, that Plaintiff's claims against Defendant are dismissed, and that Defendant recover its attorneys' fees from Plaintiff, if applicable. Defendant prays for such other and further relief to which it may be entitled.

Respectfully submitted,

By: _______________________________
JOHN W. BOWDICH
State Bar No. 00796233

BOWDICH & ASSOCIATES, PLLC
8150 N. Central Expy, Suite 500
Dallas, Texas 75206
(214) 307-9500 – Telephone
(214) 307-5137 – Telecopy
jbowdich@bowdichlaw.com

ATTORNEY FOR DEFENDANT
PROCOLLECT, INC.

## CERTIFICATE OF SERVICE

On November 2, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, Dallas Division using the electronic case filing system of the court, thereby providing service to all parties.

Nisan Zaghi, Esq. — VIA ECF
CONSUMER ATTORNEYS
68-29 Main Street
Flushing, NY 11367
*Attorney for Plaintiff*

Sumya P. Akkas, Esq. — VIA ECF
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
*Attorney for Defendant Experian*

Liliana V. Sánchez, Esq. — VIA ECF
SEYFARTH SHAW, LLP
2323 Ross Avenue, Suite 1660
Dallas, Texas 75201
*Attorney for Defendant Equifax*

Paul L. Myers, Esq. — VIA ECF
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas 75024
*Attorney for Defendant Trans Union*

By: John W. Bowdich
JOHN W. BOWDICH